**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116437

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Aisha Nunez, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TrueAccord Corp.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Aisha Nunez, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against TrueAccord Corp. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Aisha Nunez is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant TrueAccord Corp., is a California Corporation with a principal place of business in San francisco County, California.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 2, 2018. (**Exhibit 1.**")

14. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt.

15. 15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

16. The Letter states that Defendant is "collecting on behalf of American Express."

17. Upon information and belief, at the time of the Letter, Defendant was not retained by American Express with respect to the Debt.

18. Defendant's statement that it was "collecting on behalf of American Express" when it was not retained by American Express with respect to the Debt, is a false representation of the legal status of the debt.

19. Defendant's statement that it was "collecting on behalf of American Express" when it was not retained by American Express with respect to the Debt, is a false representation of the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

20. Defendant's statement that it was "collecting on behalf of American Express" when it was not retained by American Express with respect to the Debt, is a false representation made to attempt to collect the debt.

21. Defendant's statement that it was "collecting on behalf of American Express" when it was not retained by American Express with respect to the Debt, is a false representation made to attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

22. Defendant's statement that it was "collecting on behalf of American Express" when it was not retained by American Express with respect to the Debt, is a deceptive means used to attempt to collect the debt.

23. Defendant's statement that it was "collecting on behalf of American Express" when it was not retained by American Express with respect to the Debt, is a deceptive means used to attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

## **CLASS ALLEGATIONS**

24. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt without first being retained by the creditor, from one year before the date of this Complaint to the present.

25. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

26. Defendant regularly engages in debt collection.

27. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts without first being retained by the creditor.

28. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class

3

would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

30. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

31. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: January 29, 2019

                            **BARSHAY SANDERS, PLLC**

                            By: _/s/ *Craig B. Sanders*_____
                            Craig B. Sanders, Esq.
                            100 Garden City Plaza, Suite 500
                            Garden City, New York 11530
                            Tel: (516) 203-7600
                            Fax: (516) 706-5055
                            csanders@barshaysanders.com
                            *Attorneys for Plaintiff*
                            Our File No.: 116437